IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHANNON GILMORE                                                                                    PLAINTIFF

vs.                                           Civil No. 6:23-cv-06009

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                DEFENDANT

## MEMORANDUM OPINION

Shannon Gilmore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on April 20, 2020.  (Tr. 17).  In this application, Plaintiff alleges being disabled due to epilepsy, hypothyroidism, scoliosis, right hand carpal tunnel syndrome, and no cartilage in the right knee.  (Tr. 165).  Plaintiff alleged an onset

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 7.  These references are to the page number of the transcript itself and not the ECF page number.

date of January 10, 2013.  (Tr. 17).  This application was denied initially and again upon reconsideration.  *Id.*

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 86-136).  Plaintiff's administrative hearing was held on April 29, 2021.  (Tr. 31-58).  Plaintiff was present and was represented by Shannon Muse Carroll at this hearing.  *Id.* Plaintiff and Vocational Expert ("VE") Zachariah Langley testified at this hearing.  *Id.*

On December 23, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 17-25).  The ALJ found Plaintiff last met the insured status requirements of the Act on March 31, 2018.  (Tr. 19, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from January 10, 2013, through March 31, 2018.  (Tr. 20, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: carpal tunnel syndrome, seizure disorder, migraine headaches, and scoliosis.  (Tr. 20, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective allegations and determined her Residual Functional Capacity ("RFC").  (Tr. 20-23, Finding 5).  Specifically, the ALJ found Plaintiff retained the RFC for light work except she could sit for six hours in an eight-hour workday; could frequently stoop, reach, handle, and finger; could occasionally balance, crawl, crouch, and kneel; and could not be exposed to hazards such as moving machinery or unprotected heights.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 23, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in signification numbers in the national economy. (Tr. 23-24, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) housekeeper with 126,000 such occupations in the nation; (2) router with 72,000 such occupations in the nation; and (3) assembler with 288,000 such occupations in the nation. (Tr. 24). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 10, 2013, through March 31, 2018. (Tr. 24, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On December 2, 2022, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-7). On January 19, 2023, Plaintiff filed the present appeal. ECF No. 1. The Parties have consented to the jurisdiction of this Court. ECF No. 6. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would

have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raised the following two arguments for reversal: (1) the ALJ's RFC finding is inconsistent with the record; and (2) the ALJ erred in assessing Plaintiff's subjective allegations. ECF No. 11 at 3-15. Because the Court finds the ALJ erred in assessing Plaintiff's subjective allegations, the Court will only address this argument for reversal.

The Court notes that in assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, the ALJ's determination of subjective allegations is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's subjective allegations of pain, the ALJ must make a specific determination regarding that claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations. In her opinion, the ALJ discounted Plaintiff's subjective complains for the following reasons:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 21). Indeed, although the ALJ referenced "other evidence," she did not specifically provide what that "other evidence" was.

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective allegations based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a

claimant's subjective allegations cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective allegations]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective allegations, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and analysis of her subjective allegations are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of September 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE